FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 16 2015

CHRISTOPHER A. PRINE

CLERK _____

CAUSE NO 01-15-00066-CV

IN THE

FIRST COURT OF APPEALS

HARRIS COUNTY TEXAS

---

PATRICK OLAJIDE AKINWAMIDE

APPELLANT

V

TRANSPORTATION INSURANCE COMPANY

CNA INSURANCE COMPANY AND

AUTOMATIC DATA PROCESSING INC.

APPELLEES

---

FROM THE 80TH DISTRICT COURT

OF HARRIS COUNTY, TEXAS

---

MOTION TO COMPEL THE 80TH DISTRICT COURT AND THE COURT COORDINATOR OF THE 80TH DISTRICT COURT, HARRIS COUNTY, TEXAS TO COMPLY WITH THE FIRST COURT OF APPEALS', HARRIS COUNTY, TEXAS ORDER OF JULY 9, 2015

---

PATRICK OLAJIDE AKINWAMIDE, PROSE

2151 SOUTH KIRKWOOD ROAD, #295

HOUSTON, TEXAS 77077

(832) 620-9345

1

## MOTION TO COMPEL THE 80TH DISTRICT COURT AND THE COURT COORDINATOR OF THE 80TH DISTRICT COURT TO COMPLY WITH THE FIRST COURT OF APPEALS' ORDER OF JULY 9, 2015

To The Justices Of The Said Court:

Appellant, Patrick Olajide Akinwamide files this motion to compel the 80th District Court and the Court Coordinator of the 80th District Court, Harris County, Texas to comply with the First Court of Appeals', Harris County, Texas order of July 9, 2015.

This case was abated and remanded to the Trial Court to settle the parties' dispute regarding the accuracy of the Court Reporter's record on July 9, 2015. *See Tex. R. App. P. 34.6(e)(2) (Providing for Trial court to settle dispute about accuracy of Appellate record after notice and hearing); See also Attachment 'A'.*

The First Court of Appeals in the order of July 9, 2015 remanding this case to Trial Court to settle the parties' dispute regarding the accuracy of the Court Reporter's record directed that, "If the Trial Court determines, after notice and hearing that the reporter's record filed with this Court is inaccurate, the Trial Court shall direct the Court Reporter to prepare a supplemental reporter's record, including any exhibits submitted at the hearing with the clerk of the court," and "If the Trial Court determines that the reporter's record of the show cause hearing held on October 24,

2

2014, filed with this Court is accurate, the Trial Court should sign a written order reflecting that determination, along with any additional findings."

The Trial Court (80th District Court) did not make any determination regarding the inaccuracy or accuracy of the Court Reporter's record filed with the Court of Appeals on March 27, 2015. The Trial Court did not sign a written order reflecting the determination that the Court Reporter's record of the show cause hearing held on October 24, 2014, filed with the First Court of Appeals was accurate. The Trial Court did not make additional findings.

The Court Coordinator of the Trial court (80th District Court) did not set a hearing date and notify the parties and the clerk of the First Court of Appeals as directed by the Court's Order of July 9, 2015.

There was no record of notice and hearing in the 80th District Court to settle the parties' dispute regarding the accuracy of the court reporter's record filed with the Court of Appeals on March 27, 2015.

Since the First Court of Appeals' review of the court reporter's record of the show cause hearing, held October 24, 2014 appears to show that there was no testimony or argument by either party, no indication that any exhibits were offered, or admitted, and no exhibits were attached to the court reporter's record filed with the court on March 27, 2015, it is highly necessary that a correct, full, and complete

3

record of the court reporter's record is required by Appellant to properly brief the case.

In order to preserve justice and not to compromise the integrity of this court, Appellant prays the Hon. First Court of Appeals to grant this motion.

Respectfully submitted,

Patrick Olajide Akinwamide, ProSe
2151 S. Kirkwood Rd., Apt. 295
Houston, TX 77077
Tel: (832) 620-9345

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing instrument was delivered via certified mail, return receipt requested or hand delivered to all counsels of record on this the 16th day of September 2015.

Mr. Jeffrey L. Diamond
TX Bar No. 058025000
1010 San Jacinto Street
Houston, Texas 77002
Attorney of Record for Transportation Insurance Company, CNA Insurance Company and Automatic Data Processing Inc.

Patrick Olajide Akinwamide, ProSe
2151 S. Kirkwood Rd., Apt. 295
Houston, TX 77077
Tel: (832) 620-9345

5

## CERTIFICATE OF CONFERENCE

I certify that all attempts to discuss the non- settlement of the parties' dispute with regard to the accuracy of the court reporter's record with Mr. Jeffrey L. Diamond or his associates proved unsuccessful.

_____

Patrick Olajide Akinwamide, Pro Se


Mr. Jeffrey L. Diamond
TX Bar No. 058025000
1010 San Jacinto Street
Houston, Texas 77002
Attorney of Record for Transportation Insurance Company, CNA Insurance Company and Automatic Data Processing Inc.

_____

Patrick Olajide Akinwamide, ProSe
2151 S. Kirkwood Rd., Apt. 295
Houston, TX 77077
Tel: (832) 620-9345

# ATTACHMENT 'A'



Appellate case name:        Patrick Olajide Akinwamide v. Transportation Insurance
                            Company, CNA Insurance Company, and Automatic Data
                            Processing Inc.

Appellate case number:      01-15-00066-CV

Trial court case number:    1997-48526

Trial court:                80th Judicial District Court of Harris County

On November 25, 2014, appellant, Patrick Olajide Akinwamide, proceeding *pro se*, had filed a notice of appeal in the trial court intending to appeal from both the October 3, 2014 order denying his motion to set aside the final judgment, and the November 4, 2014 pre-filing order which declared appellant a vexatious litigant and imposed sanctions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2014). On May 14, 2015, this Court's Order on Motions resolved several of appellant's pending motions regarding the scope of his notice of appeal, supplementing the clerk's record, and abating for correcting the reporter's record.

On May 27, 2015, appellant filed a "Request to Supplement the Clerk's Record" to attach Exhibits A-K to the appellant-plaintiff's motion to set aside the final judgment, filed in the trial court on August 6, 2014, that he claimed were not attached to the clerk's record filed in this Court on January 20, 2015. After a review of the clerk's record, it appears that Exhibits A-K were not attached to the appellant's motion to set aside the final judgment filed with this Court. Accordingly, appellant's request to supplement the clerk's record is **GRANTED** and we **ORDER** the trial court clerk to prepare, certify, and file a supplemental clerk's record containing the complete "Plaintiff's Motion to Set Aside the Final Judgment," including all Exhibits A-K, filed in the trial court on August 6, 2014, in trial court cause number 1997-48526, within **10 days** of the date of this order. *See* TEX. R. APP. P. 34.5(c)(1).

On May 27, 2015, appellant also filed an opposed "Amended Motion to the Court to Submit the Dispute Over Inaccuracy of the Court Reporter's Record Filed on March 26, 2015 to the Trial court For Resolution [Under] TRAP 34.6(E)(3)." Specifically,

appellant requests that this Court refer this case to the trial court to resolve a dispute between the parties regarding the accuracy of the show cause hearing, held on October 24, 2014, because he claims that it was not a correct or full transcription of the proceedings and exhibits offered in evidence since it did not contain: (1) the swearing under oath of the attorney and appellant; (2) the testimony and arguments of the parties; (3) the exhibits offered in evidence, such as Exhibit A attached to his motion to correct the omission of the appellee; (4) any objections; and (5) the remarks made by the judge with regard to the admissibility of testimony and arguments. Under Rule 34.6(e)(3), if the parties cannot agree over the accuracy of the reporter's record after it has been filed in the appellate court, as here, this Court may submit the dispute to the trial court for resolution. After a review of the reporter's record of the show cause hearing, held on October 24, 2014, because it appears that there was no testimony or argument by either party, no indication that any exhibits were offered or admitted, and no exhibits were attached, this motion is **GRANTED**. *See* TEX. R. APP. P. 34.6(e)(3).

On June 12, 2015, appellant similarly filed a motion to abate this appeal to allow the trial court to settle the dispute over the show cause hearing reporter's record and for the trial clerk to file the supplemental clerk's record containing appellant's motion to set aside the final judgment including all Exhibits A-K. As noted above, because this Court is granting appellant's request to supplement the clerk's record, and because it appears that there may be a dispute as to the accuracy of the show cause hearing reporter's record, both of which appear to be necessary for a complete record, this motion is **GRANTED**.

The appeal is abated and remanded to the trial court to settle the parties' dispute regarding the accuracy of the reporter's record. *See* TEX. R. APP. P. 34.6(e)(2) (providing for trial court to settle dispute about accuracy of appellate record after notice and hearing). If the trial court determines, after notice and a hearing, that the reporter's record filed with this Court is inaccurate, the trial court shall direct the court reporter to prepare a supplemental reporter's record that conforms to what occurred in the trial court and file the supplemental reporter's record, including any exhibits submitted at that hearing, with the Clerk of this Court. *See id.* If the trial court determines that the reporter's record of the show cause hearing, held on October 24, 2014, filed with this Court is accurate, the trial court should sign a written order reflecting that determination, along with any additional findings.

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's order and findings with the Clerk of this Court within **30 days** of the date of this order. The court reporter is directed to file a supplemental reporter's record of the show cause hearing, held on October 24, 2014, if any corrections are needed, and of the abatement hearing, if any is held, within **30 days** of the date of this order. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the

supplemental clerk's record and any supplemental reporter's records of the show cause hearing and abatement hearing are filed in this Court.

Because the appellate record does not appear to be fully complete, appellant's brief is not yet due. *See* TEX. R. APP. P. 38.6(a). Appellant's brief will be due no later than **30 days** after this appeal is reinstated. Accordingly, we **dismiss** appellant's "Motion to Reset Time to File Appellant's Brief," filed on June 12, 2015, as moot.

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>
         ☒ Acting individually     ☐ Acting for the Court

Date: <u>July 9, 2015</u>

3